## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **DONALD DWAIN TEASTER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No. 5:14-21218** |
| | ) | |
| **JOEL ZIEGLER, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

### FACT AND PROCEDURE

**A.     Criminal Action No. 1:03-cr-00070:**

On December 3, 2003, Petitioner pled guilty in the Western District of Virginia to one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a) (Count 1); one count of Possession of a Firearm During a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c) (Count 2); and to being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) (Count 3). United States v. Teaster, Case No. 1:03-cr-00070 (W.D.Va. Mar. 19, 2004).

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

On March 17, 2004, the District Court determined that Petitioner was an armed career criminal under 18 U.S.C. § 924(e) because he had three prior convictions that were categorized as a "violent felony."[2] Teaster v. United States, Case No. 7:05-cv-00169 (W.D.Va. Oct. 19, 2005), Document No. 13. The District Court then sentenced Petitioner to a total term of 240 months, consisting "of 180 months on Counts One and Three to run concurrently, and 60 months on Count Two to run consecutively with Counts One and Three." Teaster, Case No. 1:03-cr-00070, Document No. 34. Petitioner did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

**B.     Section 2255 Motion:**

On March 25, 2005, Petitioner filed in the Western District of Virginia a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Teaster v. United States, Case No. 7:05-cv-00169 (W.D.Va. Oct. 19, 2005), Document No. 1. As grounds for relief, Petitioner argued that trial counsel was ineffective by failing to communicate a favorable plea offer, failing to challenge a sentencing enhancement based on prior criminal history, and failing to recognize that he was actually innocent of one of the charges that the pled guilty. Id. The United States filed its Motion to Dismiss on June 22, 2005. Id., Document No. 7. By Memorandum Opinion and Order entered on October 19, 2005, the District Court granted the United States' Motion and dismissed Petitioner's Section 2255 Motion. Id., Document Nos. 13 - 14. Petitioner filed his Notice of Appeal on October 31, 2005. Id., Document No. 15. By Order filed on January 6, 2006, the Fourth Circuit dismissed Petitioner's appeal for failure to prosecute. Id., Document No. 21.

_____

[2] Petitioner's three prior convictions were as follows: (1) A November 28, 1990, conviction for breaking and entering a store; (2) A June 20, 1991, conviction for felony escape; and (3) A February 9, 2000, conviction for malicious wounding and breaking and entering an occupied home. *Teaster*, Case No. 7:05-cv-00169, Document No. 13.

2

**C.    Section 2241 Petition:**

On July 9, 2014, Petitioner filed his instant Petition and Memorandum in Support requesting relief under 28 U.S.C. § 2241. (Civil Action No. 5:14-21218, Document Nos. 1 and 2.) Specifically, Petitioner argues that the Western District of Virginia improperly determined that he had three prior felony convictions for purposes of the Armed Career Criminal Act ["ACCA"]. (Id., Document No. 2.) Citing Chambers v. United States, 555 U.S. 122, 126 - 127, 129 S.Ct. 687, 691, 172 L.Ed.2d 484 (2009), Petitioner contends that his felony escape conviction should no longer be considered a predicate offense in determining his status as a career offender. (Id., p. 4.) Petitioner asserts that his escape conviction "did not require the use, attempted use, or threatened use of physical force against another person." (Id.) Petitioner, therefore, states that "Title 18 U.S.C. § 924(e) constitutes an aggravated offense Movant is innocent of in light of a change in substantive law." (Id., p. 7.) Further, Petitioner argues that "such an error constitutes a miscarriage of justice if left uncorrected is solidified by the Fourth Circuit's recent decision in Whiteside v. United States, Case No. 13-7152 (4/08/2014)." (Id., p. 8.) Accordingly, Petitioner states that he has "demonstrated that his Armed Career Criminal Act designation and resulting sentence is erroneous in light of an intervening change in substantive law." (Id., p. 9.)

By Order entered on August 20, 2014, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 10.) On September 23, 2014, Respondent filed a Motion to Dismiss and Memorandum in Support. (Id., Document Nos. 12 and 13.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Teaster's § 2241 petition is actually a mislabeled petition under § 2255"

3

(Document No. 13, pp. 6 - 7.); (2) "Teaster cannot demonstrate that § 2255 is inadequate or ineffective to address his claims" (Id., pp. 7 - 10.); (3) "The Fourth Circuit's recent Whiteside decision is inapplicable to Teaster's claims in this action" (Id., pp. 10 - 11.); (4) "Teaster filed the instant action over four years after the period allowed by statute; therefore, a transfer of this action to another jurisdiction would be futile gesture" (Id., pp. 11 - 12.); and (5) "Teaster's sentences do not exceed the maximum penalties available under the statutes for which he was convicted" (Id., pp. 12 - 13.).

As Exhibits, Respondent attaches the following: (1) A copy of Petitioner's Section 2255 Motion and Memorandum in Support as filed in the Western District of Virginia on March 16, 2005 (Id., Document No. 12-1, pp. 1 - 32.); (2) A copy of the Western District of Virginia's Memorandum Opinion and Order filed on October 19, 2005, denying Petitioner's Section 2255 Motion (Id., pp. 33 - 45.); (3) A copy of Petitioner's "Judgment in a Criminal Case" as filed in the Western District of Virginia on March 19, 2004, in Criminal Action No. 1:03-00070 (Id., pp. 46 - 51.); (4) A copy of the Western District of Virginia's Docket Sheet for Criminal Action No. 1:03-00070 (Id., pp. 52 - 59.); (5) A copy of Petitioner's Notice of Appeal regarding the Western District of Virginia's denial of his Section 2255 Motion (Id., p. 60.); and (6) A copy of the Fourth Circuit's Order dismissing Petitioner's Appeal and Mandate filed on January 6, 2006 (Id., pp. 61 - 62.)

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner on September 26, 2014, advising him of the right to file a response to Respondent's Motion to Dismiss. (Id., Document No. 14.) On October 15, 2014, Petitioner filed his Response in Opposition. (Id., Document No. 15.) First, Petitioner argues that his Section 2241 Petition is not a mislabeled petition under Section 2255. (Id., pp. 1 - 2.) Petitioner explains that he is entitled to relief

4

under the savings clause of Section 2255(e). (<u>Id.</u>) Second, Petitioner argues that he "does satisfy the second prong of the <u>Jones</u> test because the Fourth Circuit dictates that application of the ACCA is an aggravated offense and because his alleged conduct is not reached by the ACCA." (<u>Id.</u>, p. 2.) Petitioner explains that "the conduct the defendant was accused of committing failed to fall within the ambit of what the statute criminalized." (<u>Id.</u>, p. 5.) Third, Petitioner argues that "he does not need to rely on <u>Whiteside</u> to solidify the contention that the erroneous application of the ACCA constitutes a miscarriage of justice." (<u>Id.</u>, p. 6.) Petitioner states that "[t]he Fourth Circuit in <u>United States v. Boykin</u>, 669 F.3d 467, 472 (2012),[3] found that the erroneous application of the ACCA would work a miscarriage of justice if left uncorrected and corrected the error under the plain error standard of review." (<u>Id.</u>, p. 7.) Fourth, Petitioner states that Respondent's argument regarding the construing of his Petition as a Section 2255 Motion and transferring pursuant to 28 U.S.C. § 1631 is "pointless." (<u>Id.</u>) Petitioner states that he "deliberately" filed this action as a Section 2241 Petition because "the only avenue of relief is found in Section 2241 via the savings clause of section 2255(e)." (<u>Id.</u>) Finally, Petitioner asserts that he was "sentenced above his statutory maximum for count three of the indictment which carried a maximum of ten years imprisonment." (<u>Id.</u>, p. 8.) Petitioner argues that the "mere fact that the now erroneous application of the ACCA was responsible for elevating Movant from a 135 - 168 month advisory guideline range to a mandatory 180-month term is enough reason to justify relief." (<u>Id.</u>) Accordingly, Petitioner requests that the Court "deny the Respondent's Motion to Dismiss and exercise jurisdiction over this case pursuant to Section 2241." (<u>Id.</u>)

---

[3] Similar to *Whiteside*, *Boykin* does not support Petitioner's claim that he is entitled to relief under Section 2241 because his sentence constitutes a "miscarriage of justice."

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255

motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the Western District of Virginia. Specifically, Petitioner contends that his sentence as an Armed Career Criminal is invalid based upon Chambers. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western District of Virginia. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under

Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[4]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw

---

[4] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). Additionally, Petitioner objects to his Section 2241 Petition being construed as a successive Section 2255 motion and transferred. (Document No. 15, pp. 7 - 8.)

v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying *convictions*. Citing Chambers, Petitioner argues that his prior conviction for felony escape no longer qualifies as a violent felony for the purposes of enhancing his sentence under the ACCA. The undersigned finds that Petitioner's challenge to the validity of his *sentence* based upon Chambers does not meet the requirements of the saving clause. See Bennett v. United States, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); also see Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(unpublished)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); Darden v. Stephens, 426 Fed.Appx. 173 (4th Cir. 2011)(finding that Petitioner could not challenge his *sentence* based upon *Chambers* under a Section 2241 Petition); McCode v. Ziegler, 2015 WL 362657 (S.D.W.Va. Jan. 27, 2015)(District Judge Berger)(petitioner's claim that changes in the law disqualified certain prior convictions that were used to enhance his sentence under the ACCA is not cognizable in a Section 2241 petition); Chambers v. United States, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); Noggin v. Wilson, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition); Moon v. United States, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon Simmons, he has not raised a claim that may be presented in

10

a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

Citing Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014), Petitioner appears to contend that he is entitled to *habeas* relief under Section 2241 because the erroneous application of the ACCA constitutes a miscarriage of justice. The undersigned notes, however, that Whiteside involved the collateral attack of a sentencing enhancement pursuant to Section 2255. It is well established that a non-constitutional error may only serve as a basis for collateral attack under Section 2255 when it involves "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). It is well established that an "ordinary misapplication of the guidelines does not amount to a miscarriage of justice." United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999); United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). Recently, the Fourth Circuit considered "what constitutes an 'ordinary' Guidelines error as opposed to something more fundamental." Whiteside v. United States, 748 F.3d 541, 548-53 (4th Cir. April 8, 2014), rev'd en banc, 2014 WL 7245453 (Dec. 19, 2014). In Whiteside, the Fourth Circuit determined that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review." Id. at 551. The Fourth Circuit further determined that the one-year limitations period for filing a Section 2255 motion could be equitably tolled where the defendant alleged that the career offender enhancement was erroneous based upon Simmons. Id. at 548-53. The Fourth Circuit, however, noted that "[w]e expressly do not decide whether the savings clause in § 2255(e) might

11

justify relief from a <u>Simmons</u> sentencing error through the filing of a § 2241 petition." <u>Id.</u>, at 547, fn. 4. On July 10, 2014, the Fourth Circuit granted an *en banc* review of the panel's decision in <u>Whiteside</u>. <u>Whiteside v. United States</u>, 578 Fed.Appx. 218 (4th Cir. 2014). On December 19, 2014, the Fourth Circuit issued its *en banc* decision wherein it determined that (1) the <u>Simmons</u> decision did not qualify as a new "fact" for purposes of Section 2255(f)(4); and (2) equitable tolling was not available based upon petitioner's claim that only unfavorable precedent exited prior to <u>Simmons</u>. <u>Whiteside v. United States</u>, 2014 WL 7245453 (4th Cir. Dec. 19, 2014)(affirming the District Court's dismissal of Whiteside's Section 2255 Motion as untimely). Accordingly, the undersigned finds that Petitioner is not entitled to Section 2241 relief based upon <u>Whiteside</u>.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court,

written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: February 5, 2015.

R. Clarke VanDervort
United States Magistrate Judge

13