IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DONALD DWAIN TEASTER,

      Petitioner,

v.              CIVIL ACTION NO. 5:14-cv-21218

WARDEN JOEL ZIEGLER,

      Respondent.

**MEMORANDUM OPINION AND ORDER**

  The Court has reviewed the Petitioner's *Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody* (Document 1) and *Memorandum in Support of Motion Pursuant to Tile 28 U.S.C. § 2241* (Document 2), both filed on July 9, 2014. By *Standing Order* (Document 4) filed on July 14, 2014, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On February 5, 2015, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 16), wherein it is recommended that this Court deny the Petitioner's § 2241 motion. Objections to the Magistrate Judge's PF&R were originally due by February 22, 2015, but the Court granted the Petitioner's request for an extension by order entered on March 2, 2015 (Document 18), and the Petitioner subsequently submitted *Movant's Objections to Proposed Findings and Recommendations* (Document 19) on March 17, 2015.[1]

---

[1]  Although it would appear that the Petitioner's objections were filed after the deadline set by the Court, the Petitioner placed his objections in the prison "mailbox" on March 10, 2015, and thus, they were tendered within 10 days of the March 2, 2015 order. (See Document 19 at 4-5.)

**FACTUAL AND PROCEDURAL HISTORY**

Magistrate Judge VanDervort's PF&R sets forth in detail the procedural and factual history surrounding the Petitioner's motion. The Court now incorporates by reference those facts and procedural history, but provides the following summary for context for the ruling herein.

On December 3, 2003, the Petitioner pled guilty in the Western District of Virginia to *Possession with Intent to Distribute Methamphetamine*, in violation of 21 U.S.C. § 841(a) (Count One); *Possession of a Firearm During a Drug Trafficking Offense*, in violation of 18 U.S.C. § 924(c) (Count Two); and *Felon in Possession of a Firearm*, in violation of 18 U.S.C. § 922(g)(1) (Count Three). *See United States v. Teaster*, Case No. 1:03-cr-70 (W.D. Va. Mar. 19, 2004). Thereafter, on March 17, 2004, the District Court sentenced the Petitioner to a total term of two hundred forty (240) months' imprisonment, consisting of one hundred eighty (180) months on Counts One and Three, and sixty (60) months on Count Two.[2] Significant to the sentence imposed, the District Court had determined that the Petitioner qualified as an armed career criminal under 18 U.S.C. § 924(e), as he had three prior convictions each of which qualified as a "violent felony." The three previous convictions were for (1) breaking and entering a store (November 28, 1990); (2) felony escape (June 20, 1991); and (3) malicious wounding and breaking and entering an occupied home (February 9, 2000). (*See* Document 16 at 2.) The Petitioner never appealed his conviction or sentence.

However, the Petitioner filed a motion under 28 U.S.C. § 2255 on March 25, 2005, alleging that his counsel was ineffective for various reasons. The District Court denied the § 2255 motion on October 19, 2005, and the Petitioner filed a notice of appeal on October 31,

---

[2] The sentencing court ordered that the sentences for Counts One and Three would run concurrently, and the sentence for Count Two would run consecutively with Counts One and Three. (*See* Document 16 at 2.)

2


2005. The Fourth Circuit dismissed the Petitioner's appeal for failure to prosecute on January 6, 2006.

On July 9, 2014, the Petitioner filed his *Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody* and *Memorandum in Support*. Therein, the Petitioner contends that he meets the *In re Jones*, 226 F.3d 328 (4th Cir. 2000) "three prong test." (Document 2 at 5.) Specifically, he avers that the settled law at the time of conviction established the correctness of his conviction, that subsequent substantive law changed such that his conviction for escape is "negated" by *Chambers v. United States*, 555 U.S. 122 (2009), and that he is "actually innocent of an aggravated offense." (Document 2 at 5-8.) He contends that even if the Court disagrees "with the contention that [§] 924(e) constitutes an aggravated offense, jurisdiction pursuant to § 2241 is still proper in this case" because "the error in this case would work a miscarriage of justice if not corrected," and cites *Whiteside v. United States*, 748 F.3d 541 (4th Cir. April 8, 2014) for "solidified" support.[3] (*Id.* at 8.) The Petitioner also notes that he cannot rely on a subsequent § 2255 motion because "§ 2255(h)(1) requires a defendant to rely on a new rule of constitutional law made retroactive by the Supreme Court in order to receive such permission." (*Id.* at 9.)

*Respondent's Motion to Dismiss* (Document 12) and the *Memorandum of Law in Support* (Document 13) were filed on September 23, 2014. On October 15, 2014, the Petitioner filed *Movant's Response to the Respondent's Memorandum of Law in Support of Motion to Dismiss Habeas Action* (Document 15). On February 5, 2015, Magistrate Judge VanDervort submitted his PF&R, wherein he recommends that this Court dismiss the Petitioner's application for writ of

---

[3] The Court notes that the Petitioner appears to rely on the Fourth Circuit's opinion in *Whiteside* pre *en banc* review. *See Whiteside v. United States*, 748 F.3d 541 (4th Cir. April 8, 2014), *rev'd en banc*, 2014 WL 7245453 (Dec. 19, 2014).

habeas corpus pursuant to 28 U.S.C. § 2241 and remove this matter from the Court's docket. (Document 16 at 12-13.) As referenced above, the Petitioner submitted his objections on March 17, 2015.

## STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo,* the Court will consider the fact that the Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

### A. Magistrate Judge's PF&R

The Magistrate Judge found that the Petitioner's motion should be denied on multiple grounds. First, the Magistrate Judge determined that the "Petitioner's claims are ones properly considered under Section 2255, not Section 2241" because "Petitioner challenges the validity of his sentence as imposed by the Western District of Virginia." (Document 16 at 7.) The Magistrate Judge found that the instant petition should have been filed in the sentencing court,

4

and thus, "this District Court lacks jurisdiction to consider it." (*Id.*) However, the Magistrate Judge decided not to construe the motion as a § 2255 motion and transfer the instant matter because "Petitioner has proceeded under Section 2255 in the sentencing court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals." (*Id.* at 8)(footnote omitted.)

The Magistrate Judge then concluded that the Petitioner "has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241" because "Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying *convictions*." (*Id.* at 10) (emphasis in original.) Further, the Magistrate Judge found that "Petitioner's challenge to the validity of his *sentence* based upon Chambers does not meet the requirements of the saving clause," and therefore, "Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed." (*Id.* at 10-11)

Finally, the Magistrate Judge concluded that *Whiteside* does not help the Petitioner because "*Whiteside* involved the collateral attack of a sentencing enhancement pursuant to Section 2255." (*Id.* at 11.) The Magistrate Judge noted that "[i]t is well established that an 'ordinary misapplication of the guidelines does not amount to a miscarriage of justice.' *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999)." (*Id.*) (additional internal citations omitted.) The Magistrate Judge then carefully explained that *Whiteside* was subsequently reheard *en banc* by the full Fourth Circuit Court of Appeals and that the Fourth Circuit "determined that (1) the Simmons decision did not qualify as a new 'fact' for purposes of Section 2255(f)(4); and (2) equitable tolling was not available based upon petitioner's claim that only

5

unfavorable precedent exi[s]ted prior to Simmons," and found that here, "Petitioner is not entitled to Section 2241 relief based upon Whiteside."  (*Id.* at 11-12.)

### B. Petitioner's Objections

The Petitioner advances two objections to the Magistrate Judge's PF&R.  First, he asserts that he has satisfied the second prong of the *Jones* test because the PF&R does not squarely address his contention that "application of the ACCA to his case had to be regarded as an aggravated offense . . .."  (Document 19 at 1.)  In other words, "[i]f Movant's contention that Fourth Circuit law supports the notion that application of the ACCA constitutes an aggravated offense is well taken, then, his challenge is levied at an aggravated offense and he would be in compliance with the requirements of **Jones**."  (*Id.*) (emphasis in original.)  He cites *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *United States v. Rodriguez*, 553 U.S., at 386 (2008) as support for the argument that application of the ACCA "transforms the underlying criminal conduct into an aggravated, different offense."  (*Id.* at 2)(citing *Simmons*, 649 F.3d at 247.)  Second, he objects to the PF&R's conclusion that § 2241 "does not tolerate claims that are directed at a petitioner's sentence," and argues that "the Fourth Circuit has never, in a binding opinion, stated that § 2241 does not tolerate claims that implicate only the sentence," and cites this Court's *Hayes v. Ziegler*, 2014 U.S. Dist. LEXIS 209949 (S.D.W. Va. 2014) opinion for support.  (*Id.* at 2-3.)

The Court finds that the Petitioner's objections, though styled as distinct, actually encompass the same issue.  Contrary to the Petitioner's argument, this Court need not address his "aggravated offense contention . . . before this [C]ourt agrees with the Magistrate and dismisses

the claim." (Document 19 at 2.) Simply put, the Petitioner cannot satisfy the second prong of *Jones* because he cannot show that he was actually innocent of the offense(s) of conviction.

The statutory framework for post-conviction relief from federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief. A Section 2241 petition attacks the manner in which a sentence is executed, *see* 28 U.S.C. § 2241(a), while a Section 2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Thus, it is axiomatic that "[t]hose convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (internal citations omitted.)

Here, it is undeniable that the thrust of the Petitioner's challenge should be borne in a Section 2255 motion. When, however, § 2255 proves "inadequate or ineffective to test the legality of ... detention," a federal prisoner may seek a writ of habeas corpus pursuant to 28 U.S.C.A. § 2241 (West 1994). 28 U.S.C. § 2255." *Id.* 28 U.S.C. § 2255(e), commonly known as the savings clause, provides that:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention.*

7

28 U.S.C. § 2255(e) (emphasis supplied). Relevant to the matter currently before this Court, the "savings clause" is not triggered "merely . . . because an individual is procedurally barred from filing a Section 2255 motion[,]" *Vial*, 115 F.3d at 1194, or "merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

The Fourth Circuit Court of Appeals has recognized that the savings clause applies in only very limited circumstances. A petitioner wishing to assert a challenge to the validity of his sentence may not bring a Section 2241 petition until he or she has shown that Section 2255 is an inadequate or ineffective remedy. Specifically, Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is <u>deemed not to be criminal</u>; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). Principally, "the petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective." *Boynes v. Berkebile*, 2012 WL 1569563 *6 (S.D.W. Va. 2012) (citing *Hood v. United States,* 13 F.App'x 72 (4th Cir. 2001) (unpublished decision)). "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." *Id.*

As the Magistrate Judge's PF&R makes clear, "the Fourth Circuit has not recognized an entitlement to proceed under [S]ection 2241 when an inmate challenges his sentence contending that the remedy under Section 2255 is inadequate or ineffective." (Document 16 at 9.) The

8

Magistrate Judge's PF&R lists a dozen cases that buttress the conclusion that a "petitioner's claim that changes in the law disqualified certain prior convictions that were used to enhance his sentence under the ACCA is not cognizable in a Section 2241 petition." (*Id.* at 9-10) (citing *McCode v. Ziegler*, 2015 WL 362657 (S.D.W. Ca. Jan. 27, 2015)). The Petitioner has advanced no evidence, case law, or argument that would elicit a different result here.

Simply put, he is challenging the classification of a prior conviction that was used to determine his instant sentence, and therefore, his reliance on § 2255(e)'s saving clause is misdirected. The Court finds that the crimes underlying the instant conviction: (1) *Possession with Intent to Distribute Methamphetamine* (Count One), *Possession of a Firearm During a Drug Trafficking Offense* (Count Two), and *Felon in Possession of a Firearm* (Count Three), were then—and are now—deemed criminal, and thus, the Petitioner cannot satisfy the second prong of the *Jones* requirement that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *In re Jones*, 226 F.3d at 334. For these reasons, the Petitioner's objections to the PF&R are **OVERRULED**.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the

governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

## CONCLUSION

Wherefore, based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 16) be **ADOPTED**, that the *Movant's Objections to Proposed Findings and Recommendations* (Document 19) be **OVERRULED**, and that the Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State of Federal Custody* (Document 1) be **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 7, 2015

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA